But the
 
 Court
 
 thought otherwise, and said: — this case does not depend on that principle, it depends on a simple question of plead- ■ ing, and the application of evidence to the pleading. Here is an action by executors, as such, declaring on a debt due to the testator; the plea is the act of limitation, and there is a replication without being drawn out. What is that replication! That there was a promise to the testator within three years. It cannot be that there was a promise to the executor, because that would be I a departure in the pleading. If there had been two counts, one on a promise to the testator, and another on a promise to the executors, a plea of the act of limitation and general replication, such a replication being applicable to
 
 both
 
 counts, would admit the evidence. But [here the plaintiff has presented his case on a single point, a debt due Ito the testator, and promise made to him within the three years; he (must recover if at all by applying his proof to his case as presented [which excludes evidence of a promise to the executor, even toip'e-|vive a debt due to the testator. (I
 
 Harr. Ref.
 
 207,
 
 Newlin
 
 vs.
 
 Duncan; 2 Saund. Pl.
 
 &
 
 Evid.
 
 151, 642.)
 

 I The plaintiff then proposed to prove an admission of defendant, Imade to the executors after the death of Doct. Morris of an unsettled mccount between them, as evidence of the indebtedness and promise fe the testator; but the court thought it the same question in a different form and rejected such evidence; upon which the plaintiff suffered a nonsuit.